Dear Representative Faucheux:
You have requested an Attorney General Opinion concerning whether an individual would be eligible to receive teacher retirement benefits if they were to retire from the State, then work for a private company, namely a charter school. This office has been informed that the individual in question is a member of the Teachers Retirement System of Louisiana (hereinafter referred to as TRSL). She plans to retire with 26 years of experience, she is currently 47 years old and her last employer is the Louisiana Department of Education. She did not participate in the Deferred Retirement Option Plan (DROP). Her effective retirement date has not yet been determined. The individual in question is considering entering into a contract with a charter school to provide consulting services or a contract with a private consulting firm, which contracts with parish school boards to provide educational services to public schools. These services will be performed on a part-time basis. If she enters into either type of contract, it has yet to be determined when services pursuant to the contract will begin. As a result of this additional information, your request was extended to include reemployment with a charter school or a private consulting firm.
This opinion is written based on the assumption that the individual in question has sufficient creditable teaching service and will be eligible to receive retirement benefits pursuant to LSA-R.S. 11:761(A) (1) (b). This opinion addresses the potential reemployment of a retired member of the TRSL and the effects of reemployment on the receipt of retirement benefits during reemployment.
LSA-R.S. 11:710 sets forth the provisions for the reemployment of a member of the Teachers' Retirement System. It states:
 A.(1) (a) Any member of this system who retires and then returns to active service covered by the provisions of this Chapter within the twelve-month period immediately following the effective date of such retirement shall have his retirement benefits suspended for the duration of such active service or the lapse of twelve months from the effective date of his retirement, whichever occurs first, even if such service is based on employment by contract or corporate contract.
 (b) If the reemployment of a retired teacher is based on an agreement between the retired teacher and his employer where such agreement was perfected prior to the teacher's effective date of retirement and where the agreement allows for such a teacher to become reemployed within twelve months immediately following the effective date of the teacher's retirement, such reemployed teacher shall not be eligible to receive retirement benefits for the twelve-month period immediately following the effective date of such reemployment, regardless of whether such agreement is express or implied. The provisions of this Subparagraph shall be applied prospectively beginning on July 1, 2001.
 (c) The twelve-month period immediately following the effective date of a member's retirement shall be known as the "waiting period."
In order to be subject to the provisions of LSA-R.S. 11:710, a retiree must "return to active service covered by the provisions of this Chapter." The provisions of LSA-R.S. 11:710 apply even if service is based on employment by contract or corporate contract. Service is defined in LSA-R.S. 11:701(30) as "service as a teacher within the meaning of Paragraph (33) of this Section." The definition of a "teacher" and what positions are not covered as a "teacher" for purposes of reemployment pursuant to the TRSL are found in LSA-R.S. 11:701 (33), which states the following:
 (33) (a) "Teacher", except as provided in Subparagraph (b) of this Paragraph, shall mean any of the following:
 (i) Any employee of a city or parish school board, parish or city superintendent, or assistant superintendent of public schools.
 (ii) Any president, vice president, dean, teacher, guidance counselor, or unclassified employee at any state college or university or any vocational-technical school or institution or special school under the control of the State Board of Elementary and Secondary Education, or any educational institution supported by and under the control of the state or any parish school board.
 (iii) Any full-time unclassified employees of boards created by Article VIII of the Constitution of Louisiana who became employed on or after July 1, 1991, provided that such persons employed on and after July 1, 1991, who are members of the Louisiana State Employees' Retirement System shall remain members of the Louisiana State Employees' Retirement System.
 (iv) The president and staff of the Louisiana Federation of Teachers who were members of the Teachers' Retirement System prior to such employment.
 (v) (aa) The president or secretary and staff of the Louisiana Association of Educators.
 (vi) The employees of the Teachers' Retirement System of Louisiana, provided that persons employed by the Teachers' Retirement System on and after July 1, 1991, who are members of the Louisiana State Employees' Retirement System shall remain members of the Louisiana State Employees' Retirement System.
 (vii) The director and staff of the Associated Professional Educators of Louisiana.
 (viii) Except as otherwise provided in this Item, the director, secretary, staff members, or any other individual employed by the Louisiana High School Athletic Association.
 (ix) For purposes hereof, staff personnel involved in the administration of a health and welfare program for the benefit of employees of a school board, which program is coordinated by the school board and a teacher association, and which staff personnel are so designated by the school board, shall be considered to be employees of the school board provided that such employees were previously members of this system.
 (x) In all cases of doubt, the board of trustees shall determine whether any person is a teacher within the scope of the definition herein set forth.
(b) "Teacher" shall not include any of the following:
 (i) Any employee of a city or parish school board who is employed as a school bus driver, school janitor, school custodian or a school maintenance employee, school bus aide, monitor or attendant, or anyone who actually works on a school bus helping with the transportation of school children.
 (ii) Any classified state employee at any state college, university, vocational-technical school, or institution or special school under the control of the State Board of Elementary and Secondary Education, or any educational institution supported by and under the control of the state.
 (iii) Any employees of the State Department of Education except that persons employed by the State Department of Education on and after July 1, 1991, who are members of this system shall remain members of this system.
 (v) Board members and employees of any board created by Article VIII of the Constitution of Louisiana, except as provided in Subparagraph (33) (a) of this Section.
(v) Aliens who teach in Louisiana based on J and F visas.
 (c) "Teacher" shall include all nonclassified employees of the state who are administrators, faculty members, and other professional employees at the New Orleans Center for Creative Arts/Riverfront. (Emphasis supplied.)
Reemployment By A Participating Charter School
The applicability of the provisions in Title 11 of the Louisiana Revised Statutes to charter schools is governed by LSA-R.S. 17:3997. Charters schools may choose to participate or not participate in the TRSL. LSA-R.S. 17:3997(A) (3) provides:
 Employment in any charter school for all employees other than those provided for in Paragraph (2) of this Subsection shall be deemed to be employment in a public elementary or secondary school in the state regarding eligibility for any or all benefits which would otherwise accrue under state law to such an employee in any other elementary or secondary school, including but not limited to the school employees' and teachers' retirement systems. However, participation of the charter school and its employees in such benefit programs shall be contingent upon provisions contained in the school's approved charter.
LSA-R.S. 17:3997(A) (2) is a leave of absence provision and applies to employees employed by a charter school who, previous to employment with the charter school, were employees of a local school board.
Employees of a charter school that has chosen to participate in the TRSL are subject to the provisions set forth in Title 11 of the Louisiana Revised Statutes. If the individual in question enters into a contract with a participating charter school, she will be considered an unclassified employee of an educational institution supported by and under the control of the state or any parish school board and, as such, a "teacher" as defined in LSA-R.S. 11:701(33) (ii).
Charter schools are educational institutions supported by and under the control of the state or a parish school board. A charter school is defined as "an independent public school." LSA-R.S. 17:3973(2) (a). Charter schools are funded by the local school board or the state Department of Education, depending upon the type of school. LSA-R.S.17:3995 provides:
 A. (1) For the purposes of funding, a type 1, type 3, and type 4 charter school shall be considered an approved public school of the local school board entering into the charter agreement and shall receive a per pupil amount each year from the local school board based on the October first membership count of the charter school. Type 2 charter schools shall receive a per pupil amount each year from the state Department of Education using state funds specifically provided for this purpose.
Charter schools are controlled by local school boards or the State Board of Elementary and Secondary Education (hereinafter referred to as SBESE). There are four types of Charter schools, three of which (Types 1, 2 and 3) are operated as a result of and pursuant to a charter between a nonprofit corporation and a local school board or the SBESE. Type 4 charter schools are operated as a result of and pursuant to a charter between a local school board and the SBESE. Local school boards and the SBESE are the chartering authorities and have the power to approve, renew and revoke all charters. Charter schools are governed by their own board of directors within the framework agreed to in the charter granted by a local school board or the SBESE.
If the individual in question becomes reemployed by entering into a contract with a participating charter school, she will have returned to active service and will be subject to LSA-R.S. 11:710. If she begins her active service with the participating charter school within twelve months immediately following the effective date of her retirement, her retirement benefits will be suspended for the duration of such active service or for twelve months from the effective date of her retirement, whichever occurs first. LSA-R.S. 11:710(A) (1) (a). As a result, she would begin receiving retirement benefits after the twelve-month "waiting period" expires or she ceases her employment with the charter school.
If the individual's return to active service with a participating charter school is based on an express or implied agreement perfected prior to her effective date of retirement and which allows for reemployment within twelve months immediately following her effective date of retirement, the date on which she will be eligible to receive retirement benefits will differ. In such a situation, she will not be eligible to receive retirement benefits for the twelve-month period immediately following the effective date of such reemployment. LSA-R.S.11:710(A) (1) (b). As a result, she would begin receiving retirement benefits twelve months from the effective date of her reemployment.
Reemployment By A Non-Participating Charter School
Individuals reemployed by a charter school that has chosen to not participate in the TRSL are not subject to the provisions set forth in Title 11 of the Louisiana Revised Statutes, because they have not returned to active service with an employer covered by the provisions of the TRSL. If the individual in question enters into a contract with a non-participating charter school, she will not be subject to LSA-R.S.11:710; therefore, if she is reemployed by a non- participating charter school within twelve months of her effective date of retirement, there will be no suspension of her retirement benefits.
Reemployment By Corporate Contract
The individual in question is considering entering into a contract with a private consulting firm, which contracts with parish school boards to provide educational services to parish schools. The reemployment provisions of LSA-R.S.11:710 apply if a return to active service is based on employment by corporate contract. Employment by corporate contract occurs when an individual enters into a contract with a corporation, the corporation contracts with another entity and the individual performs a job pursuant to the contract between the corporation and the entity. For the purposes of this provision, the individual is employed through corporate contract by the entity that contracted with the corporation. The individual returns to active service through her employment by corporate contract pursuant to LSA-R.S. 11:710, if she is defined as a "teacher" as provided in LSA-R.S. 11:701(33). If an individual would qualify as a "teacher" if she were directly employed by the entity, she also qualifies as a "teacher" if she is employed by the entity through a corporate contract. LSA-R.S. 11:710(33) (a) (x) provides that "(I)n all cases of doubt, the board of trustees shall determine whether any person is a teacher within the scope of the definition herein set forth."
In the facts presented, the private consulting firm is a corporation entering into a contract with a parish school board. After entering into a contract with the private consulting firm, the individual in question will be performing a job pursuant to the contract between the private consulting firm and a parish school board. As a result, she will become an employee by corporate contract of a parish school board. As an employee of a parish school board who will not be performing an excluded job set forth in LSA-R.S. 11:701(33) (b), the individual in question is defined as a "teacher" pursuant to LSA-R.S. 11:701(33) (a) (i). She will have returned to active service. If her return to active service is within the twelve month period immediately following the effective date of her retirement, the individual in question will be subject to the suspension of benefits set forth in LSA-R.S. 11:710(A) (1) (a) and (A) (1) (b). In determining if LSA-R.S. 11:710(A) (1) (b) applies, the applicable agreement is the contract between the member and the corporation.
I hope this opinion has sufficiently answered your inquiry. If I can be of further assistance to you, please let me know.
With best regards,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ____________________
 Katherine M. Whitney Assistant Attorney General
RPI:KMW:Irs
Date Released: June 27, 2002